

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2007

# Cook v. Warden FCI Fort Dix

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cook v. Warden FCI Fort Dix" (2007). *2007 Decisions.* Paper 908.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/908

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1054

NORWOOD COOK,
                                    Appellant

v.

WARDEN, FORT DIX CORRECTIONAL INSTITUTION

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 04-cv-5713)
District Judge: Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
December 19, 2006

Before:   BARRY, CHAGARES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed June 20, 2007)

OPINION

PER CURIAM

        Norwood Cook appeals from the order of the United States District Court for the

District of New Jersey denying his pro se habeas corpus petition.  For the reasons below,

we will affirm the District Court's judgment.

On November 19, 2004, Cook filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 against the Warden at the Federal Correctional Institution (FCI) at Fort Dix, New Jersey. Cook challenged the loss of 27 days' good conduct time which was imposed upon him as a disciplinary sanction for committing Prohibited Act 297 (Code 297), a third party call, on May 14, 2003, at the federal correctional institution. See 28 C.F.R. § 541.13, Table 3. The District Court denied the petition. Cook timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Gould Elec., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

In his petition, Cook argued that: (1) he was denied due process when he did not receive written notice of newly discovered evidence to be used against him; (2) Code 297 as applied is unconstitutionally vague; (3) the hearing officer was not fair or impartial and abused his authority; and (4) he was not given a written copy of the hearing officer's decision within 10 days as required by law.

Cook's original disciplinary hearing was postponed by the Disciplinary Hearing Officer (DHO) for the purpose of obtaining evidence whether Cook had actually received adequate notice of the prohibited act. The "new" evidence used at Cook's reconvened hearing was an Admissions and Orientation handbook from the Federal Detention Center (FDC) in Philadelphia, where Cook was housed before his transfer to FCI-Fort Dix. The DHO determined that the FDC-Philadelphia handbook clearly outlined Code 297 and its sanctions. See Appellee's Appendix, 85, 138. Moreover, the Admission and Orientation

2

handbook Cook received upon his arrival at FCI-Fort Dix also clearly stated that three-way telephone conversations were prohibited.  See Appellee's Appendix, 85, 127.  Cook's signature on the acknowledgment of receipt form evidences that he received the FDC-Philadelphia handbook.  See D. Ct. Mem., 13.  Even if Cook did not receive the Philadelphia handbook, he admitted to receiving the FCI-Fort Dix handbook.  See id.  Both handbooks delineated prohibited third-party telephone calls and the applicable sanctions.  On appeal, Cook argues, not that Code 297 is unconstitutionally vague, but that he was not given adequate written warning or notice that third-party calling was prohibited.  Although it concedes that the handbook from FCI-Fort Dix does not provide the same level of detail regarding prohibited calls as the one from FDC-Philadelphia, the Government emphasizes that Cook did receive written material from both FDC-Philadelphia and FCI-Fort Dix regarding what types of telephone activities were prohibited.  We agree that Cook had sufficient notice that the type of phone call he made on May 14, 2003, was prohibited.  The use of this evidence against him at the hearing thus did not violate his due process rights.

The decision of the DHO is entitled to deference by a reviewing court.  See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).  Here, the DHO prepared a detailed, written report identifying the evidence relied upon and explaining the bases for the sanctions imposed.  See Appellee's Appendix, 83-86.  The record supports the DHO's findings.

We agree with the District Court that there is nothing in the record to show that the

3

DHO was biased or abused his authority.  Finally, we agree with the District Court that, even if Cook did not receive the DHO's written report within 10 days, pursuant to 28 C.F.R. § 541.17(g), the delay had no prejudicial effect on Cook's administrative appeal and thus does not provide a basis for habeas relief.

Based on the foregoing, we will affirm the judgment of the District Court.

4