FILED
United States Court of Appeals
Tenth Circuit

March 31, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM STAPLES,

        Petitioner-Appellant,

v.

CLAUDE CHESTER, Warden-USP
Leavenworth,

        Respondent-Appellee.

No. 09-3267
(D.C. No. 5:08-CV-03159-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Petitioner William Staples, who is currently an inmate in the United States

Penitentiary in Pollock, Louisiana, appeals from the district court's dismissal of

his 28 U.S.C. § 2241 habeas petition. In that petition, Mr. Staples raised due-

process challenges to three Bureau of Prison ("BOP") disciplinary proceedings

---

[*]      This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and 10th Circuit Rule 32.1.

      After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case therefore is ordered submitted without oral argument.

against him, which resulted, in part, in the loss of good-time credits. The district court dismissed the petition for failure to exhaust administrative remedies. The court also concluded that, even if Mr. Staples properly had exhausted the BOP's administrative remedies, Mr. Staples was not entitled to habeas relief because he was afforded due process in the BOP's disciplinary proceedings. Exercising our jurisdiction under 28 U.S.C.§ 1291, we **AFFIRM**.

## I. Background

William Staples filed a pro se petition for habeas relief pursuant to 28 U.S.C. § 2241.[1] Although he originally filed the petition in the Eastern District of Kentucky, it was transferred to the District of Kansas where Mr. Staples was incarcerated at the time that he filed the petition. In the petition, Mr. Staples alleged that his due process rights were violated by three BOP disciplinary proceedings against him and that he was given inaccurate advice concerning his eligibility for transfer to a Residential Reentry Center ("RRC"). He requested that the incident reports against him be expunged, that all sanctions against him be overturned, and that he immediately be transferred to a RRC.

Mr. Staples is serving a 200-month sentence for wire fraud and for being a felon in possession of a firearm. His projected release date, taking into account good-time credits, is October 18, 2019.

---

[1] Because Mr. Staples is proceeding pro se, we liberally construe his filings. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

The disciplinary proceedings challenged by Mr. Staples arose from three separate incidents. The first incident, Incident Report Number 1664517, occurred on October 29, 2007. Mr. Staples allegedly was involved in an altercation with another inmate, during which Mr. Staples struck the inmate with a closed fist and hit him with his cane. After an investigation, Mr. Staples was charged with fighting with another person. The Unit Disciplinary Committee ("UDC") held a hearing where Mr. Staples denied that the incident had occurred. Rather than resolve the charges, the UDC referred the matter to the Discipline Hearing Officer ("DHO") and provided Mr. Staples with a form detailing his rights in that forum, including the right to request a staff representative and to call witnesses or to present their written statements if the witnesses were unavailable. He requested a specific BOP staff representative and two witnesses.

At the DHO hearing, an alternative staff representative was assigned to Mr. Staples due to the unavailability of the requested staff member. Although Mr. Staples had requested that the staff member who reported the incident be called as a witness, instead that staff member's written statements were introduced into evidence. Mr. Staples stated at the hearing that the incident report was false. Although he admitted sending the other inmate a note after the alleged incident, Mr. Staples denied that the note was an attempt to coerce the inmate into denying that the incident had occurred. After considering all of the evidence, including a written statement from Mr. Staples, the DHO determined that he was guilty of the

-3-

charge and imposed sanctions upon him, including disciplinary segregation and loss of good-time credits.  The DHO signed the written report regarding this disciplinary action on January 28, 2008, and a copy of the report was provided to Mr. Staples on September 9, 2008.

On October 30, 2007, in Incident Report Number 1661746, Mr. Staples was charged with counterfeiting or forging a document or official paper and with being in possession of anything not authorized:  BOP staff had discovered Mr. Staples in possession of an evening insulin-dependant diabetic pass to which he was not entitled.  After a hearing before the UDC, at which Mr. Staples acknowledged that the report was true, the UDC referred the matter to the DHO. At the DHO hearing, Mr. Staples waived his right to a staff representative and did not request any witnesses.  Mr. Staples again admitted that the report was true and that he had been attempting to use the pass to be released early for meals.  After considering all of the evidence, the DHO determined that Mr. Staples was guilty of the charge and imposed, *inter alia*, disciplinary segregation and loss of good-time credits.  The DHO signed the written report regarding this discipline on December 10, 2007, and Mr. Staples received a copy the next day, on December 11, 2007.

The third incident, Incident Report Number 1661747, also occurred on October 30, 2007.  An officer found a handmade screwdriver concealed in Mr. Staples's laundry bag during a property inventory, and Mr. Staples was charged

with possession, manufacture, or introduction of a hazardous tool. After a hearing before the UDC, at which Mr. Staples denied knowing about the tool, the matter was referred to the DHO. Mr. Staples requested a specific staff representative at the hearing, but due to that staff member's unavailability, an alternative staff representative was assigned. An inmate witness requested by Mr. Staples appeared at the hearing and testified that everyone hangs their laundry bags on their lockers, the laundry bag at issue did not belong to the witness, and Mr. Staples always hangs his laundry bag on his locker. Mr. Staples provided a written and oral statement declaring that it was not his tool, that the laundry bag did not belong to him, and that someone must have set him up. After considering all of the evidence, the DHO concluded that Mr. Staples was guilty of "Possession of Anything Not Authorized," a lesser offense with elements similar to those of the original charge. The DHO imposed sanctions on Mr. Staples, including disciplinary segregation and a loss of good-time credits. The DHO signed the written report regarding this disciplinary action on January 28, 2008, and a copy of the report was provided to Mr. Staples on September 9, 2008.

Mr. Staples filed a regional appeal from the third disciplinary action against him, Incident Report Number 1661747, on December 31, 2007. The grievance was rejected, and Mr. Staples was advised to wait for a copy of the DHO's written report in order to appeal. On March 11, 2008, Mr. Staples attempted to appeal to the central-office level, although it is not clear which incident he sought to

-5-

appeal. Regardless, it was rejected because Mr. Staples had submitted his appeal to the wrong level of the administrative-remedy process.

Respondents filed a response with the district court and argued that the petition should be dismissed because Mr. Staples had not exhausted his administrative remedies. The district court agreed and dismissed the petition. After noting that Mr. Staples "ha[d] not challenged the respondents' description of his use of the remedy procedure," the court concluded that Mr. Staples had failed to exhaust his administrative remedies. R. at 332–33 (Order, filed Sept. 3, 2009). In the alternative, the court held that "even if [it] reached a contrary conclusion, petitioner would not be entitled to relief" because Mr. Staples received the process to which he was due pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id.* at 333. This appeal followed, and the district court granted Mr. Staples's motion to proceed *in forma pauperis*.

## II. Discussion

On appeal, Mr. Staples argues that the exhaustion of administrative remedies would have been futile and that the district court erred in finding that the BOP did not violate his due process rights by its actions related to the disciplinary proceedings against him.[2] We need not reach the merits of his due-

---

[2] Although Mr. Staples's petition also contained an argument concerning his eligibility for RRC placement, he explicitly abandoned this argument on appeal. Moreover, to the extent that Mr. Staples raises a double-jeopardy argument on appeal, we will not address that issue because it was not

(continued...)

process argument because we conclude that Mr. Staples did not exhaust the administrative remedies available to him and has not demonstrated that exhaustion would have been futile.

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004). The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute does not expressly contain such a requirement. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). A limited exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion would be futile. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235–36 (6th Cir. 2006) (recognizing futility exception in context of § 2241 petition); *cf. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (discussing futility as to 28 U.S.C. § 2254 petitions).

Construing Mr. Staples's filings liberally, he appears to argue that exhaustion of administrative remedies in this instance would have been futile because the DHO did not tender a written copy of its decision in two of the three disciplinary proceedings within ten days. More specifically, as to Incident Report Numbers 1664517 (fighting) and 1661747 (possession of the screwdriver),

---

[2](...continued)
raised before the district court. *See Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1143 (10th Cir. 2009) ("Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

although the DHO signed the written report regarding those incidents on January 28, 2008, copies of the respective reports were not provided to Mr. Staples until September 9, 2008. Mr. Staples contends, therefore, that he had no choice but to file an appeal without copies of the DHO's decisions and, when that appeal was rejected based on the absence of those copies, he had to abandon his pursuit of an administrative remedy and file a habeas petition. We disagree.

As a preliminary matter, it appears that Mr. Staples only attempted to appeal Incident Report Number 1661747 (possession of the screwdriver), but either did not attempt to appeal the other two disciplinary actions against him or did not follow the proper procedure in appealing those actions (in other words, by appealing directly to the central-office level). We therefore must only address Mr. Staples's arguments as to the third disciplinary incident from which he did file an appeal at the regional level.

The regulations governing the DHO's duty to give an inmate a copy of its decision are as follows. 28 C.F.R. § 541.17(g) provides that "[t]he DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision." At the same time that an inmate receives written notice of the DHO's decision, the DHO is required to advise him of his right to an administrative appeal to the appropriate regional office. 28 C.F.R. § 541.19. Furthermore, "[t]he inmate should forward a copy of the DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO

hearing and the nature of the charges against the inmate." *Id.* We do not read these regulations to require that the DHO must issue a copy within ten days (only that it *ordinarily* must do so). The regional office in this case required a copy of the DHO's decision for an appeal because it rejected Mr. Staples's appeal and advised him that he should wait for that copy before bringing an appeal.

Assuming without deciding that a copy of the report was required, we do not conclude that the approximate eight-month delay in the DHO's tender of the copy to Mr. Staples prejudiced his ability to bring an administrative appeal or rendered such an appeal futile. In so holding, we are persuaded by the reasoning adopted by the Third Circuit, albeit in an unpublished and therefore non-binding decision, that the DHO's failure to give an inmate a written copy of its decision within ten days should not entitle an inmate to habeas relief so long as the delay had no prejudicial effect on an administrative appeal. *See Cook v. Warden, Fort Dix Corr. Inst.*, 241 F. App'x 828, 829 (3d Cir. 2007) (per curiam). Mr. Staples does not allege any prejudice to him resulting from the delay. Mr. Staples was free to re-file the appeal once he did receive a copy of the DHO's decision. Moreover, the delay, although unfortunate, did not cause any prejudice to Mr. Staples in light of the length of time remaining before his projected release date in 2019. Mr. Staples therefore has failed to demonstrate that exhaustion of the BOP's administrative remedy process would have been futile.

## III. Conclusion

Because Mr. Staples failed to exhaust his administrative remedies concerning the claims raised in his habeas petition and has not demonstrated futility, the district court's dismissal of the 28 U.S.C. § 2241 petition is **AFFIRMED**.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge