FILED
United States Court of Appeals
Tenth Circuit

September 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM STAPLES,

    Petitioner - Appellant,

v.

CLAUDE MAYE, Warden,

    Respondent - Appellee.

No. 16-3135
(D.C. No. 5:15-CV-03009-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

William Staples appeals the district court's dismissal of his petition for writ of

habeas corpus under 28 U.S.C. § 2241. We affirm.

I

Staples challenges four Discipline Hearing Officer ("DHO") incident reports

leading to loss of Good Conduct Time ("GCT"). Staples has already challenged two

of these incident reports in a previous § 2241 filing. We upheld the dismissal of that

challenge. *Staples v. Chester*, 370 F. App'x 925, 926 (10th Cir. 2010) (unpublished),

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*cert. denied*, 562 U.S. 919 (2010). The district court properly dismissed Staples's petition concerning those two earlier claims as a successive action.[1] The two other incident reports occurred after we dismissed Staples's first § 2241 petition, so we review them here. But Staples's claims as to those incident reports suffer from the same defects as his claims on the first two incidents.

## II

We review de novo the district court's dismissal of a § 2241 habeas petition. *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004). Before filing a § 2241 petition, federal prisoners must exhaust their administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). To exhaust, inmates must first attempt to resolve their complaints informally, and if that fails, they must "submit a formal request for an administrative remedy to the institution." *Id.* at 1204. If that attempt also fails, they may file a regional appeal, and then a national appeal. *See id.* (citing 28 C.F.R. § 542.15(a)). But inmates need not exhaust their administrative remedies if they can show that exhaustion would have been futile. *Id.* at 1203.

Inmates must be afforded due process under *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Wolff* created standards that inmate-sanction proceedings must follow to afford inmates due process. First, at least twenty-four hours before the disciplinary proceeding, inmates must receive written notice informing them of the charges against them to give them sufficient time to prepare a defense. *Wolff*, 418 U.S. at 564.

---

[1] That case dealt with Incident Report Nos. 1661747 (having an unauthorized item) and 1664517 (fighting).

Second, the proceeding's factfinder must provide a written statement of the evidence that the factfinder is relying on and the reasons for the disciplinary action, because "[w]ithout written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others." *Id.* at 564–65. Third, inmates "should be allowed to call witnesses and present documentary evidence in [their] defense when permitting [them] to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Additionally, "some evidence" must support disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

## III

Here, the district court concluded that Staples had failed to exhaust his administrative remedies on Incident Report No. 2513440, but not on Incident Report No. 2576551. But the district court also concluded that during hearings on both Incident Reports, Staples received the due process protections guaranteed by *Wolff*. So it denied him relief on both claims. We analyze each of these claims in turn, but first we explain the Federal Bureau of Prison's ("BOP") inmate-discipline program.

When the BOP imposes sanctions on a prisoner, the prisoner must first attempt to resolve their concerns informally. 28 C.F.R. § 542.13. If that fails, the prisoner must submit an administrative-remedy request to the prison warden, then to the Regional Director of the BOP, and finally to the BOP General Counsel at the Central Office. *Id.* §§ 542.14, 542.15. Prisoners may appeal a DHO's findings directly to the Regional Director. *Id.* § 542.14(d)(2).

3

A

First, Incident Report No. 2513440 charged Staples with attempting to give or receive money for a prohibited purpose (a violation of Code 217A) because he had written a letter asking a person to send $550 to another inmate so that Staples could buy commissary items. Staples received the report the same day the incident occurred, November 7, 2013. Staples admitted he had sent the letter, and claimed that he needed the money to buy a typewriter ribbon. On November 14, 2013, Staples formally pleaded guilty in a Unit Discipline Committee ("UDC") hearing. That same day, the UDC recommended the matter to the DHO and gave Staples a Notice of Discipline Hearing, set for December 5, 2013. Staples appeared and again explained his letter, but he declined to call witnesses or have a staff member assist him. After finding Staples guilty, the DHO disallowed 14 days of GCT and imposed 90 days' loss of privileges.

Staples didn't receive a copy of the DHO's report from the December hearing until June 11, 2014. But on May 27, 2014, knowing he had a limited time in which to file an appeal, Staples appealed to the DHO North Central Regional Office (the "Regional Office"). According to Staples, he waited five months before appealing because he had never received his written report of the DHO's finding, a necessary attachment for his appeal. Though Staples identified the date and charged infractions that were the subject of his appeal, the Regional Office rejected the appeal as untimely and as incomplete because he had failed to attach the written DHO report.

4

So, on June 30, 2014, Staples appealed that rejection to the BOP Central Office. On August 20, 2014, the Central Office agreed with the Regional Office's rationales for rejecting Staples's appeal. It told Staples to "OBTAIN A STAFF MEMO STATING THE REASON FOR YOUR UNTIMELINESS AND RESUBMIT YOUR APPEAL TO THE REGION." R. vol. 1 at 120. Staples apparently did not do so, claiming that by the time he received the Central Office's rejection, he was no longer incarcerated at the prison where the alleged offense had occurred. R. vol. 1 at 260. Staples claimed that it would have been "next to impossible" to obtain a staff memo explaining his untimeliness, and claimed that he attempted to communicate with his unit team about this request but was "told to leave the office with [his] condescending attitude." *Id.*

The district court concluded that Staples had failed to exhaust his administrative remedies because he had failed to resubmit his appeal with a statement from staff in his new region of incarceration. R. vol. 1 at 347. Noting that Staples "apparently made no effort to comply," the court concluded that he had "failed to pursue available remedies." *Id.* Addressing the DHO's failure to provide Staples with a timely written report of its findings, the district court acknowledged that this failure "greatly complicated the administrative appeal process," but concluded that it didn't violate *Wolff*'s due-process requirements, because Staples eventually received the report. *Id.*

5

We agree with the district court, although the conduct of the officials that Staples worked with was indeed problematic.[2] Though Staples did ultimately receive his written report, the DHO's delay may have caused Staples's delay in appealing the DHO's findings. Still, instead of submitting his appeal in the required twenty days, Staples waited five months. *See* 28 C.F.R. § 542.15(a). He could have simply done what he did—filed his appeal without the written report—within the time limit, as opposed to waiting. Had he done so, this would be a different case. But we generally hold prisoners responsible for knowing the rules of the appeals process, and we see no reason not to hold Staples responsible for this knowledge, especially since this wasn't his first disciplinary proceeding. Had he filed his appeal in a timely manner, it would have suffered only one defect—failure to attach the DHO's written report—which he could likely have overcome by explaining in his appeal that he had not yet received the written report.

So, although the DHO should have provided Staples with its written report in time to allow him to properly file his appeal, his failure to follow the proper regulatory procedures for appeal still precludes his ability to continue this appeal here. He was not deprived of due process under *Wolff*, as it was his own untimeliness, rather than the DHO's conduct, that precluded him from further appealing his case.

---

[2] Staples's claim that his unit team refused to help him obtain a staff memo explaining his untimeliness is especially concerning. But that information would be more central to our analysis if Staples had filed his appeal on time, even without the attached report of the DHO's findings.

B

The next incident report, Incident Report No. 2576551, involved allegations that Staples had assaulted another prisoner. The district court concluded that the record didn't "establish a clear failure to exhaust," but denied Staples's claim to relief on the grounds that Staples had received the due-process protections guaranteed under *Wolff*. We conclude that Staples failed to show that he had exhausted his administrative remedies. But even if he had not, we agree with the district court that he received due process under *Wolff*.

On April 27, 2014, the BOP investigated this assault. On May 1, 2014, the BOP corrected the date that the incident occurred on an amended incident report and charged Staples for that assault. Staples denied all knowledge of the assault, prompting the UDC to hold a hearing and refer the matter to the DHO. On May 27, 2014, the DHO conducted a hearing where Staples, with a staff representative, gave a statement. At Staples's request, three inmate witnesses also submitted written statements to the DHO. The DHO found Staples guilty and disallowed fourteen days of GCT and 180 days of phone privileges.

Though the DHO purportedly issued a report with this finding, the signed and delivered copy is missing. Though Staples hadn't received a copy of the DHO report, he filed his administrative appeal with the Regional Office on June 20, 2014. The Regional Office rejected the appeal for failure to attach the DHO report—which Staples had not received—or to otherwise identify the hearing, as well as for having more than one continuation page. But the Regional Office also instructed Staples to

7

"consult with [his] Unit Team Mgr on where to appeal this rpt. Currently in the South Central Reg." R. vol. 1 at 122. Staples properly resubmitted the appeal, having apparently obtained a copy of the DHO report, and the Regional Office denied the appeal on October 2, 2014. The Regional Office stated that it had reviewed "all information obtained from an investigation of the incident." R. vol. 1 at 307. It also informed Staples that "[y]ou submitted a copy of the DHO Report with your appeal. It was noted staff did not document it was delivered to you." *Id.* The Regional Office thus denied the appeal and informed Staples that he could appeal to the Central Office if he did so within thirty days.

Staples claims that he did appeal to the Central Office, and that he "received notice of receipt informing him that [the Central Office] had received the appeal of [this issue] and [the Central Office] will answer the appeal by due date of December 30, 2014." R. vol. 1 at 262. But he failed to attach that notice when he filed his habeas petition. Thus, the record contains no evidence of Staples submitting an appeal to the Central Office, and no evidence of the Central Office's response. For that reason, we conclude that Staples has failed to establish that he exhausted his administrative remedies.

The district court also denied Staples relief on this issue because it concluded that he had received the due process protections required by *Wolff*. We agree with the district court. First, Staples received the incident report detailing his minor assault almost a full month before his hearing. Second, though he didn't receive a copy of the DHO's report in a timely manner, he eventually received it and was therefore not

"at a severe disadvantage" when he resubmitted his appeal. *Wolff*, 418 U.S. at 564–65. And Staples didn't contest that he had been permitted to call witnesses and present evidence at his initial hearing. Therefore, "some evidence" supported the DHO's decision to discipline Staples for assaulting another inmate. *Hill*, 472 U.S. at 455.

## III

For the reasons stated above, we AFFIRM the district court's denial of Staples's 28 U.S.C. § 2241 petition.

Entered for the Court

Gregory A. Phillips
Circuit Judge