**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS C. CRAWFORD,

      Petitioner-Appellant,

v.

J. W. BOOKER, Warden,

      Respondent-Appellee.

No. 98-3167

(D.C. No. 98-3141-RDR)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

Section 32001 of the Violent Crime Control and Law Enforcement Act of 1994,

Pub. L. No. 103-322, 108 Stat. 1824, 1896 (1994) (VCCLEA), provides that "[t]he period

a prisoner <u>convicted of a nonviolent offense</u> remains in custody after successfully

completing a [substance abuse treatment] program may be reduced by the Bureau of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The Bureau of Prisons (BOP) considers a felon convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) ineligible for a sentence reduction under VCCLEA. The issue in this case is whether BOP may categorically exclude from consideration under VCCLEA, a felon convicted of possessing a firearm in violation of § 922(g)(1).

## I.

Petitioner Thomas C. Crawford is serving a sentence of seventy months imprisonment resulting from his 1995 guilty plea in the Northern District of Indiana to the offenses of structuring monetary transactions to evade reporting requirements, 31 U.S.C. § 5324(a)(3), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). While in custody, Petitioner apparently completed BOP's drug treatment program and then unsuccessfully applied to BOP for a sentence reduction under VCCLEA. Petitioner subsequently filed a petition for a writ of habeas corpus pro se in the district court under 28 U.S.C. § 2241, challenging BOP's denial of his application for a sentence reduction. In his petition, Petitioner claimed that BOP exceeded its statutory authority under VCCLEA when it categorized a § 922(g)(1) conviction as a crime of violence.

Because Petitioner sought expedited review of his petition and because the district court recently had upheld BOP's categorization of a § 922(g)(1) offense as a crime of violence for purposes of determining an inmate's eligibility for a sentence reduction

2

under VCCLEA, see Taylor v. Bureau of Prisons, No. 96-3520, 1998 WL 159918 (D. Kan., March 31, 1998) (unpublished); Wilson v. Bureau of Prisons, No. 96-3484, 1998 WL 159919 (D. Kan., March 31, 1998) (unpublished), the court summarily dismissed the petition pursuant to 28 U.S.C. § 2243 without requiring Respondent to appear.[1]  This appeal followed.  Because the district court granted Petitioner leave to proceed on appeal in forma pauperis, and neither the AEDPA's certificate of appealability requirement, see 28 U.S.C. § 2253, nor the PLRA's filing fee obligation, see 28 U.S.C. § 1915(a)(2) & (b), apply to applications under 28 U.S.C. § 2241, see McIntosh v. United States Parole Comm., 115 F.3d 809, 810-12 & n.1 (10th Cir. 1997), we proceed to the merits.

## II.

After enactment of VCCLEA, BOP adopted a regulation that disqualified from consideration under 18 U.S.C. § 3621(e)(2)(B) inmates whose "current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)."  28 C.F.R. 550.58 (1995).[2]  BOP then adopted Program Statement No. 5162.02 which disqualified

---

[1]  Section 2243 provides in relevant part:  "A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto.  28 U.S.C. § 2243.

[2]  Section 924(c)(3) defines the term "crime of violence" as a felony that–

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(continued...)

3

from consideration under § 3621(e)(2)(B), inmates convicted of possessing a firearm in violation of 18 U.S.C. § 922(g) because BOP deemed such an offense a crime of violence. BOP's policy of denying sentence reductions under § 3621(e)(2)(B) based on the classification of a § 922(g) conviction as a crime of violence, however, created conflict among the federal courts. Compare Davis v. Crabtree, 109 F.3d 566 (9th Cir. 1997) (because a § 922(g) conviction is a nonviolent offense for purposes of § 924(c)(3), BOP must consider an inmate convicted under § 922(g) eligible for a sentence reduction under § 3621(e)(2)(B)); Miller v. United States, 964 F. Supp. 15 (D.D.C. 1997) (same), with Parsons v. Pitzer, ___ F.3d ___, 1998 WL 416888 (7th Cir. 1998) (BOP did not exceed its statutory authority by excluding an inmate convicted under § 922(g) from consideration under § 3621(e)(2)(B)); Venegas v. Henman, 126 F.3d 760 (5th Cir. 1997) (same), cert. denied, 118 S. Ct. 1679 (1998); Paydon v. Hawk, 960 F. Supp. 867 (D.N.J. 1997) (same). See generally Royce v. Hahn, ___ F.3d ___, 1998 WL 440575 at *5-8 (3d Cir. 1998) (discussing cases).

Consequently, BOP amended its regulation in October 1997 to delete the disqualification based on a conviction for "a crime of violence as defined in 18 U.S.C.

---

[2](...continued)
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A) & (B).

§ 924(c)(3)." The current regulation now reads in relevant part:

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release . . .
> (vi) Inmates whose current offense is a felony . . .
> (B) That involved the carrying, possession, or use of a firearm . . . .

28 C.F.R. § 550.58(a)(1)(vi)(B) (1998). Thus, the current regulation no longer classifies a § 922(g) offense as a crime of violence under § 924(c)(3). Moreover, BOP's formal regulation interpreting § 3621(e)(2)(B) is entitled to greater deference than its previous informal program statement. See Fristoe v. Thompson, 144 F.3d 627, 631 (10th Cir. 1998) (court will defer to formal regulation "so long as the agency's interpretation is based upon a permissible construction of the statute," whereas court will defer to informal interpretation of a statute "only to the extent that it is well-reasoned and has the power to persuade").

### III.

Unfortunately, we cannot decide the merits of Petitioner's appeal on the record before us. The district court understandably summarily dismissed the petition without requiring a response or developing the record because the court had twice ruled on the question before it. Generally, however, summary dismissal of a habeas petition is appropriate only where the petition is plainly frivolous. See Blackledge v. Allison, 431 U.S.63, 76 (1977). Given the difference of opinion among the courts which have addressed the issue, we cannot say that Petitioner's challenge to BOP's interpretation of

5

§ 3621(e)(2)(B) is frivolous because, unlike the district court, we have never addressed the issue.[3]  Moreover, on this record we are unable to discern whether BOP applied its new regulation in denying Petitioner's application or whether it applied its previous program statement.  Without this knowledge, we do not know the appropriate standard of review to apply to BOP's interpretation of § 3621(e)(2)(B).

We believe the best approach is to vacate the decision of the district court and remand for further proceedings.  On remand, we direct the district court to appoint counsel for Petitioner and require a response so that the issue before the court may be fully briefed and considered.  Because the issue presented appears to be a legal one, an evidentiary hearing may be unnecessary.  However, we leave that for the district court to decide.

VACATED and REMANDED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[3]  While 18 U.S.C. § 3625 (provisions for judicial review of agency action inapplicable to any decision under § 3621(e)(2)(B)) may preclude us from reviewing BOP's substantive decision regarding a specific inmate, it does not prevent us from determining whether BOP exceeded its statutory authority in interpreting § 3621(e)(2)(B).  See Fristoe 144 F.3d at 630-31.