**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-30332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHAWN PHILLIP HARGER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20186-1
USDC No. 2:07-CV-1835

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Shawn Phillip Harger appeals the denial of his motion under 28 U.S.C. § 2255 challenging his conviction and sentence after pleading guilty to conspiring to distribute ecstasy and cocaine and possessing a firearm in furtherance of a drug-trafficking crime. In the § 2255 motion, Harger claimed, among other things, that his counsel provided constitutionally ineffective assistance by failing to file a notice of appeal as Harger instructed. Without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conducting an evidentiary hearing, the district court rejected Harger's claim, finding that he presented no evidence that he instructed his lawyer to file an appeal and that the Government's evidence—correspondence between Harger and his attorney and between the attorney and Harger's mother—established that Harger did not make this request. We granted a certificate of appealability on the issues of whether Harger's counsel was ineffective for failing to file a notice of appeal and whether the district court should have held an evidentiary hearing.

If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 486 (2000); *cf. United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). A district court may deny a § 2255 motion without first holding a hearing only if the evidence conclusively shows that the prisoner is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

The court clearly erred when it found that Harger provided no evidence that he instructed his attorney to file an appeal because, in the § 2255 motion, Harger declared under penalty of perjury that he explicitly instructed his lawyer to do so. *See* 28 U.S.C. § 1746; *Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003) (explaining that a declaration made under penalty of perjury is competent evidence). Furthermore, the evidence submitted by the Government does not contradict Harger's sworn statement, as the correspondence is silent on the issue of whether Harger asked his attorney to appeal his conviction and sentence. Thus, the record fails to conclusively establish that Harger did not instruct his lawyer to file a notice of appeal, and the district court abused its discretion in failing to hold an evidentiary hearing. *See United State v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

The denial of Harger's § 2255 motion is VACATED and the case is REMANDED for an evidentiary hearing on Harger's claim that he instructed counsel to file a notice of appeal.