**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALVIN HARRISON,

Defendant-Appellant.

No. 09-7113
(D.C. Nos. 6:09-CV-00208-RAW and
6:07-CR-00064-RAW-1)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Alvin Harrison, a federal prisoner proceeding pro se, seeks a Certificate of
Appealability ("COA") to appeal the district court's denial of his 28 U.S.C.
§ 2255 petition. With jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we
**DENY** his application for a COA and **DISMISS** his appeal.

---

[*] This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1. After examining the briefs and the appellate record, this
three-judge panel has determined unanimously that oral argument would not be of
material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument.

# I. BACKGROUND

Mr. Harrison pleaded guilty to one count of possessing cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was sentenced to 70 months in prison and 36 months of supervised release. We dismissed his untimely direct appeal, and granted his appointed counsel's motion to withdraw, in an unpublished Order on April 6, 2009. Mr. Harrison then filed with the district court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, contending he had received ineffective assistance of counsel. The district court denied the petition. Mr. Harrison then filed a notice of appeal, along with a motion for a COA and a motion to proceed on appeal *in forma pauperis* ("IFP"). The district court denied a COA and denied leave to proceed IFP. Mr. Harrison now renews each of these requests before this court.

# II. DISCUSSION

A defendant may not appeal the district court's denial of a § 2255 petition without first obtaining a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We in turn may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Unless we grant a COA, we lack jurisdiction to resolve the merits of a habeas appeal. *Miller-El*, 537 U.S. at 342.

Because Mr. Harrison's COA application rests on a claim of ineffective assistance of counsel, in order to determine if he can make a substantial showing of the denial of a constitutional right we must undertake a preliminary analysis of his claims in light of the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish ineffective assistance a petitioner must show, first, that counsel's performance was deficient—that the "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 687–88. Second, the petitioner must establish prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008), *cert. denied*, 130 S. Ct. 133 (2009). We may review these two components in any order, and need not address both "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Mr. Harrison first argues that his attorney refused his explicit request to file an appeal. If true, this claim would be a per se *Strickland* violation. *See, e.g.*, *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003). The district court, however, rejected the claim, concluding that Mr. Harrison was not entitled

to an evidentiary hearing[*] to prove his allegations because he had "not provided any credible testimony that he requested and his counsel ignored his request for an appeal." R. at 151 (Dist. Ct. Order, filed Nov. 9, 2009) (citing *Snitz*, 342 F.3d at 1156).

Before this court Mr. Harrison again offers only the sparest argument to support his claim, contending that, after the district court imposed a longer sentence than Mr. Harrison expected, "Counsel told Appellant that he need not worry, as it would all get corrected on Direct Appeal. Then counsel failed to file a notice or an appeal." Aplt. Br. at 3. Mr. Harrison does not specifically request a COA on this issue and does not mention an evidentiary hearing. Nonetheless, construing his petition liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we operate on the view that Mr. Harrison is seeking a COA regarding the district court's decision to deny an evidentiary hearing.

In *Machibroda v. United States*, 368 U.S. 487 (1962), the Supreme Court remanded in a § 2255 case for an evidentiary hearing after finding that "the District Court did not proceed in conformity with the provisions of 28 U.S.C.

---

[*]     28 U.S.C. § 2255(b) provides, in relevant part:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

§ 2255, when it made findings on controverted issues of fact . . . without a hearing." *Id.* at 494. The Court was careful to note, however, that Mr. Machibroda had made detailed and specific factual allegations that he had received certain promises from the Assistant United States Attorney. *Id.* at 489–90, 495. In this light, the Court emphasized that it did not seek

> to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of [§ 2255] does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.

*Id.* at 495; *see also Blackledge v. Allison*, 431 U.S. 63, 75 (1977) ("The allegations in this case were not in themselves so 'vague [or] conclusory' as to warrant dismissal for that reason alone." (brackets in original) (citation omitted)). To be sure, this court has not been hesitant to remand for an evidentiary hearing. *See, e.g.*, *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal.

Reasonable jurists could not debate the district court's conclusion that Mr. Harrison was not entitled to an evidentiary hearing. Indeed, even though the habeas form he filed with the district court required him to "[s]tate the <u>facts</u>

supporting each ground" of relief he claimed, *see* R. at 7 (§ 2255 Petition, filed May 29, 2009), and even after the district court dismissed his claim because he failed to provide "any credible testimony" to support it, *see* R. at 151, Mr. Harrison again fails on appeal to present detailed and specific facts to back up his allegation. Without such facts, his claims are vague, conclusory, and palpably incredible, and he cannot make a substantial showing of the denial of a constitutional right. We must deny Mr. Harrison a COA on this issue.

Mr. Harrison next claims that he received ineffective assistance at his sentencing hearing. As he argued before the district court, "Counsel . . . did not object to the use of 'relevant conduct,' and did not raise the issue concerning the government's lack of evidence to show 'constructive possession' of a large portion of the cocaine base." R. at 7. He contended that these errors caused him to receive a greater sentence than was otherwise justified. The district court rejected this claim, concluding that it was procedurally barred under *Bousley v. United States*, 523 U.S. 614, 621 (1998), because Mr. Harrison failed to raise it on direct appeal: "Petitioner's . . . argument regarding his counsel's failure to object to the relevant conduct at sentencing need not be addressed because it does not meet an exception to the rule barring collateral attacks on guilty pleas." R. at 150. As Mr. Harrison points out in his brief on appeal, *see* Aplt. Br. at 4, this procedural holding is incorrect. Mr. Harrison is not challenging the district court's use of relevant conduct or constructive possession. Rather, he is

-6-

challenging his attorney's *failure to raise these issues* at sentencing. *See, e.g.*, *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004).

This error, however, does not entitle Mr. Harrison to a COA. Where the district court denies a petition on procedural grounds, we may not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Coppage*, 534 F.3d at 1281 ("If the application was denied on procedural grounds, the applicant faces a double hurdle."). Mr. Harrison cannot clear this double hurdle, for even if reasonable jurists could fault the district court's procedural ruling, he cannot show that reasonable jurists could debate whether there is merit to his *Strickland* claim. The district court was permitted to consider Mr. Harrison's relevant conduct at sentencing, *see, e.g.*, *United States v. Caldwell*, 585 F.3d 1347, 1349–51 (10th Cir. 2009), and Mr. Harrison does not identify why he believes the principle of constructive possession was improperly applied to his case. He thus cannot establish that his attorney was deficient in failing to raise these challenges at sentencing. Likewise, because any such objection would properly have been denied, Mr. Harrison cannot establish prejudice. In short, Mr. Harrison cannot make a substantial showing of the denial of a constitutional right, and we must deny his request for a COA on this claim.

Finally, Mr. Harrison contends that his attorney misrepresented the length of the prison sentence he would serve: "Counsel falsely informed his client that he would only receive a sentence of 37 months if he plead[ed] guilty on the spot." R. at 7. Mr. Harrison was in fact sentenced to 70 months' imprisonment. The district court rejected this claim for two reasons. It first held that, under *Bousley*, Mr. Harrison was required to bring this claim on direct appeal. As discussed above, this procedural holding was erroneous. However, the district court also concluded that the claim fell short on the merits under *Strickland*. Mr. Harrison could not show that his attorney erred, for "'[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" R. at 148 (quoting *United States v. Gordon*, 4 F.3d 1567, 1570–71 (10th Cir. 1993)) (brackets in original). Nor could Mr. Harrison prove prejudice, concluded the district court. At his change-of-plea hearing Mr. Harrison indicated that he understood that his sentence was "solely a matter within the control of the sentencing judge" and stated that he was satisfied with his attorney. R. at 149. "Given the fact that Defendant pleaded guilty even after being so informed by the court, his mere allegation that, but for original counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice." *Gordon*, 4 F.3d at 1571.

Mr. Harrison now repeats the claim that his attorney misrepresented his likely sentence.[**] But he does not challenge the analysis offered by the district court, and he gives no reason to think that reasonable jurists could disagree with its conclusion that *Gordon* bars him from establishing deficient performance or prejudice. We must deny a COA on this issue.

### III. CONCLUSION

Mr. Harrison cannot make a substantial showing of the denial of a constitutional right arising from any of his claims of ineffective assistance of counsel. Therefore, we **DENY** a COA for each of his three issues and, lacking jurisdiction to proceed further, **DISMISS** his appeal.

---

[**] On appeal Mr. Harrison appears to alter the facts behind his claim that his attorney provided an inaccurate estimate of his sentence. He states: "Counsel informed this Appellant that the court was required to tell him that he could face the max statutory sentence, but that it was routine, and that the resulting sentence would be in the 37–46 month range and would be near or at the bottom of that range." Aplt. Br. at 3a.

Mr. Harrison does not appear to have argued below that counsel told him that the district court's warnings were mere formalities. "This court will not consider material outside the record before the district court." *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000). Though a pro se defendant's filings are interpreted liberally,"[t]his court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). We deem this claim waived and decline to address it. We do not opine on whether the new facts Mr. Harrison alleges on appeal would constitute a *Strickland* violation.

We **GRANT** his motion to proceed on appeal IFP.

Entered for the Court

JEROME A. HOLMES
Circuit Judge