FILED
United States Court of Appeals
Tenth Circuit

June 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

JEREMY PINSON,

      Petitioner-Appellant,

v.

DAVID A. BERKEBILE, Warden,

      Respondent-Appellee.

No. 12-1026

(D.C. No. 1:11-CV-608-WYD-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK,** and **HOLMES**, Circuit Judges.

Petitioner Jeremy Pinson, a federal inmate, appeals from the district court's judgment denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. He asserts Respondent, David A. Berkebile, violated his due process rights in eight separate disciplinary proceedings.[1] Petitioner claims the Bureau of Prisons (BOP) withheld Good Conduct Time and privileges as a result of each disciplinary proceeding. Petitioner sought restoration of his Good Conduct Time and privileges

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Petitioner named Blake Davis as Respondent in his petition. Petitioner sued Davis, the warden at ADX-Florence at the time of the petition, in his official capacity. Respondent Berkebile presently serves as warden of ADX-Florence. As a result, we substituted Berkebile as the appellee in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

and release from disciplinary segregation status. The district court initially dismissed the petition with respect to five of the eight alleged incidents for failure to exhaust administrative remedies. Subsequently, the court denied Petitioner relief on his remaining three claims. When considering the district court's denial of a § 2241 habeas petition, "we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." al-Marri v. Davis, 714 F.3d 1183, 1186, (10th Cir. 2013). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm in part, vacate in part, and remand.

I.

Petitioner is serving a 252-month sentence for threatening the President, making false statements, threatening a juror, and mailing threatening communications. In his petition, Petitioner listed eight separate incidents in which his due process rights were allegedly violated. In some of the proceedings, Petitioner contends he was not permitted to call witnesses. In others, he was allegedly denied a hearing based on an invalid waiver of appearance. Petitioner further contends no evidence supported the findings in several of the incident reports and that he was denied a written statement of the findings in other incident reports. Because Petitioner did not follow the administrative appeals process for incident report numbers 1826070, 1740713, 1740717, 2026989, and 2044118, the district court dismissed the petition relating to these incidents without prejudice for failure to exhaust.

2

In a separate order, the court addressed incident report numbers 1918202, 2060836, and 2033414 on the merits. The first claim the district court considered, incident number 2033414, involved an attempted killing and assault on staff. Petitioner argues BOP staff improperly waived his appearance at a disciplinary hearing by using a waiver form he signed for a different disciplinary hearing. As a result, Petitioner contended his due process rights were violated when he was denied the opportunity to respond to the charges and to call witnesses. He also asserted no evidence existed to support the findings in the proceeding. The attempted killing charge was dropped at the hearing, but the assault charge was sustained. The hearing officer sanctioned Petitioner with a 40-day loss of Good Conduct Time, 30 days in segregation, and a loss of visitation and commissary privileges for one year. With regard to this incident, the district court found no evidence to support Petitioner's due process claim and concluded BOP provided him with all the process he was due.

Incident number 1918202 involved attempted assault and Petitioner threatening staff with bodily harm. Petitioner alleged he was not permitted to call witnesses and no evidence supported the hearing officer's findings. Petitioner said he asked to call 22 witnesses, but the hearing officer refused to call them. The hearing officer concluded that Petitioner threatened and assaulted another with bodily harm and sanctioned Petitioner with a loss of 54 days of Good Conduct Time, 60 days in segregation, and loss of visitation and telephone privileges for 180 days. The district court believed Petitioner's claims were "self-serving" and pointed to

3

evidence in the record to support the hearing officer's conclusion. The district court concluded Petitioner failed to assert what testimony the 22 witnesses would have given that would have countered the evidence at the hearing. The court held this was "at best harmless error."

Finally, the district court addressed incident 2060836, in which Petitioner allegedly set a fire and refused to put out the fire. Petitioner claimed no evidence supported the hearing officer's findings. The hearing officer found Petitioner set a fire and refused to obey an order. The hearing officer sanctioned Petitioner with a 40-day loss of Good Conduct Time, 60 days in segregation, loss of commissary privileges for one year, and loss of visiting privileges for 45 days. The district court concluded some evidence existed to find Petitioner guilty of the charges.

Particularly relevant to this appeal is an issue Petitioner raised not in the petition but in his reply brief to the district court. At the end of a paragraph discussing incident 2060836, Petitioner said BOP proceeded with prison disciplinary hearings without first conducting a mental competency proceeding. The district court chose to address this claim, but only in regard to the fire setting incident. The district court said Petitioner's "statement . . . that no determination of his mental competency was performed at the time of the incident does not negate the fact that he set the fire."

Petitioner appealed the dismissal of his petition. On appeal, Petitioner first challenges the dismissal of the five claims the district court determined Petitioner

4

failed to exhaust. Petitioner does not dispute he failed to follow the administrative procedures. Rather, Petitioner argues prison officials rendered the administrative remedy process unavailable, which allowed him to include the incidents in his habeas petition. Petitioner also contends the BOP failed to abide by its regulations and violated due process when it proceeded with prison disciplinary hearings against Petitioner without first conducting mental competency proceedings.[2]

## II.

Like the district court, we first must consider whether Petitioner exhausted his administrative remedies. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). Exhaustion is a prerequisite for § 2241 relief. Id. But a "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Id. Petitioner argues he could not file an administrative appeal on the five incidents because BOP could not locate the discipline hearing officer (DHO) reports. And without those reports, Petitioner says he could not exhaust his administrative remedies. Petitioner asserts BOP practice is to reject an administrative appeal with an advisement to wait upon delivery of the DHO report.

At the time of the incidents, the regulations governing the DHO's duty to provide an inmate a copy of its decision were that "[t]he DHO shall give the inmate

---

[2] Petitioner additionally raised four issues regarding incident numbers 1918202, 2033414, and 2060836, his exhausted claims. For reasons set forth below, we do not reach these issues.

5

a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision."[3] 28 C.F.R. § 541.17(g) (2010). When an inmate receives notice of the decision, the DHO must advise him of his right to an administrative appeal to the regional office. § 541.19 (2010). The inmate should then "forward a copy of the DHO report or, if not available at the time of filing, should state in his appeal the date of the DHO hearing and the nature of the charges against the inmate." Id. "The deadline for completion of informal resolution and submission of a formal written Administrative remedy request . . . is 20 calendar days following the date on which the basis for the Request occurred." § 542.14(a) (2010). An extension of time is allowed "[w]here the inmate demonstrates a valid reason for the delay," for example, when "a response to the inmate's request for copies of dispositions requested under § 541.19 . . . was delayed." §542.14(b) (2010).

Based on these regulations, the district court held Petitioner failed to show that exhaustion would have been futile. But Petitioner argues the disciplinary process is not complete until BOP provides him with a DHO report and the regulations place a duty on BOP to prepare a DHO report. Petitioner also cites two BOP program statements, which he asserts require BOP to obtain disciplinary records for DHO

---

[3] Effective March 1, 2011, BOP amended its Inmate Discipline regulations in order "to streamline and clarify the[] regulations, eliminating unnecessary text and obsolete language, and removing internal agency procedures that need not be in regulations text." 75 Fed. Reg. 76263-01 (Dec. 8, 2010). The amendment removed the administrative remedy procedure from this section of the C.F.R. The administrative remedy procedure set forth in 28 C.F.R. § 542, Subpart B survived.

6

appeals. Finally, Petitioner claims every "circuit to address the issue has held that when prison officials fail to provide the materials necessary to prepare an administrative remedy they cannot later benefit from nonexhaustion of a process they rendered unavailable." We address each contention in turn.

First, Petitioner incorrectly cites 28 C.F.R. § 541.8(h) to support his position that he cannot appeal until a DHO report is prepared. This section simply provides that the inmate "will receive a written copy of the DHO's decision following the hearing." 28 C.F.R. § 541.8(h) (2013). Moreover, § 541.8(h) became effective on June 20, 2011, after Petitioner filed his petition. Regardless, this section does not require a DHO report as a precondition to filing an administrative appeal.

Next, the program statements Petitioner cites are likewise irrelevant to the issue of exhaustion. Petitioner directs us to Program Statement 5100.08, titled "Inmate Security Designation and Custody Classification" and Program Statement 5270.09, titled "Inmate Discipline Program." Statement 5270.09 provides that the reviewing official considers the DHO's actions and decisions, but neither program statement informs an inmate he cannot appeal without a DHO report.

Finally, the cases on which Petitioner relies are not factually similar. In <u>Dale v. Lappin</u>, 376 F.3d 652 (7th Cir. 2004), BOP staff refused to provide an inmate with the appropriate grievance forms. On appeal, the prison officials argued that inmates are not required to use the official forms to submit a grievance. The court disagreed, specifically noting 28 C.F.R. § 542.14(a), which states grievances should be

7

submitted "on the appropriate form." In Dale, unlike this case, a specific regulation required a grievance to be filed on a particular form. In Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003), the Third Circuit reversed the district court's dismissal of a claim where the inmate had not filed a grievance because prison officials allegedly denied him the necessary grievance forms. Again, Mitchell involved the official form for filing a grievance, which is not at issue in this case. The last case Petitioner relies on is Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002). In Jernigan, an inmate claimed that he filed a grievance, but that it was lost or misfiled. When the inmate received no response within the 15-day response time, he sought to appeal the grievance. The director rejected the appeal because the warden did not respond. The director told the inmate he had ten days to cure the deficiency. Instead of curing, he filed a lawsuit. We acknowledged that failure to respond to a grievance within the proper time renders an administrative remedy unavailable, but concluded that did not happen. The inmate had time to cure the deficiency. Moreover, the inmate could have sent the grievance with evidence of its prior submission to an administrative review authority. We said an inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them . . . ." Id. at 1033.

In this case, Petitioner admittedly did not exhaust his administrative remedies as to these five incidents. And we conclude Petitioner has failed to prove that exhaustion would have been futile. True, the regulation said the DHO "shall"

8

provide the inmate with a copy of his report. 28 C.F.R. § 541.17(g) 2010. But nothing in the regulations required a copy of the report when filing an administrative appeal. Instead, the regulations explicitly contemplated an administrative appeal without a DHO form, as long as the inmate stated in his appeal the date of the DHO hearing and the nature of the charges against the inmate. § 541.19 (2010). We are troubled that the DHO did not provide Petitioner with these forms and even more troubled that BOP cannot locate them. But "the DHO's failure to give an inmate a written copy of its decision within ten days should not entitle an inmate to habeas relief so long as the delay had no prejudicial effect on an administrative appeal." Staples v. Chester, 370 F. App'x. 925, 930 (10th Cir. 2010) (unpublished). Petitioner does not allege any prejudice resulting from the delay. Despite the three to four year delay in receiving a DHO form, Petitioner is not prejudiced in light of the length of time remaining before his projected release date in 2025. Nothing precludes Petitioner from filing an administrative appeal regarding the five incidents. Accordingly, we affirm the district court's dismissal of Petitioner's claims regarding incident report numbers 1740713, 1740717, 1826070, 2026989, and 2044118 for failure to exhaust his administrative remedies.

III.

Having determined Petitioner failed to exhaust his administrative remedies, we turn to whether BOP violated its regulation and violated Petitioner's due process rights by failing to assess his mental competency before holding disciplinary

9

hearings. At the time of Petitioner's DHO proceedings, the applicable BOP regulation stated that if an inmate appears, at any stage of the disciplinary process, mentally ill, staff shall refer the inmate to a mental health professional for determination of whether the inmate is responsible for his conduct or is incompetent. 28 C.F.R. § 541.10(b)(6) (2010). Petitioner did not raise this argument until a reply brief in the district court. Nonetheless, the district court chose to address it, albeit in a very brief sentence with regard to only one of the incidents. On appeal, Petitioner claims he raised the competency issue as to every incident report. Respondent, in his answer brief, said Petitioner "raised this issue before the district court, however, only in the context of his challenge to the DHO's ruling regarding Incident Report No. 2060836." Respondent then responded to the mental competency issue on the merits as to that specific incident number.

After the parties filed their briefs, we entered an order appointing counsel to Petitioner. We specifically requested supplemental briefing on the BOP's failure to conduct proceedings to evaluate both Petitioner's competency to participate in disciplinary proceedings and his responsibility for his conduct. In his supplemental opening brief, Petitioner asserts Respondent's assumption that Petitioner's mental competency argument applies to only one of his three exhausted claims results from a narrow reading of the pro se briefing before the district court. Petitioner contends he stated his argument in sufficiently broad terms before the district court to encompass all of his exhausted claims. Petitioner believes abundant evidence existed

10

to show he may have been mentally ill at the time of his conduct or at the time of the disciplinary proceedings. He also states BOP knew his history of severe mental illness. Petitioner argues BOP's violation of its regulation requires issuance of a writ of habeas corpus.

For the first time, in his response to the supplemental opening brief, Respondent argues Petitioner failed to exhaust his administrative remedies regarding his new claim that the DHO violated BOP regulations by not referring him for an evaluation by a mental health professional. Respondent further asserts Petitioner waived this issue by not including it in his original habeas petition to the district court. Alternatively, Respondent argues BOP did not violate the governing regulation and that nothing in the record supports the assumption that, had the DHO referred Petitioner for an evaluation, a mental health professional would have found him incompetent or not responsible for his conduct.

Respondent's argument that Petitioner waived the issue on appeal because he raised it in his reply brief to the district court is incorrect. Respondent correctly notes that we do not normally consider issues raised for the first time in a reply brief. Iqbal v. Holder, 693 F.3d 1189, 1195 n.4 (10th Cir. 2012). But that applies to arguments raised in reply briefs at the appellate stage. See United States v. Buonocore, 416 F.3d 1124, 1128 (10th Cir. 2005) (we "will not consider a theory on appeal not raised or ruled on below"). In this case, the district court chose to rule on the issue and Petitioner raised the issue in his appellate opening brief. For these

reasons, Petitioner did not waive the argument as a result of raising it in a reply brief to the district court.

Respondent additionally argues he did not "waive" his ability to argue that Petitioner "waived" the mental health issue. Because of this case's somewhat complicated procedural history and the disjointed briefing before the district court relating to Petitioner's claim that the BOP improperly failed to conduct a mental health determination, "the most prudent course is to remand the case for the district court to [fully] address [the claim] in the first instance." Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173, 1196 (10th Cir. 2010). We therefore remand the case to the district court and direct it to vacate that portion of its judgment that pertains to incident report numbers 1918202, 2033414, and 2060836. Although we do not opine on the matter here, conceivably—as Petitioner argues—his mental health claim implicates all three of these incident reports and not just incident report number 2060836, which the district court explicitly addressed when discussing this claim. The district court should conduct further proceedings as set out below.[4]

On remand, the district court should address Petitioner's claim that the BOP should have conducted a mental health determination prior to conducting the disciplinary hearings because Petitioner appeared mentally ill. Specifically, in doing

---

[4] On May 1, 2013, Petitioner filed a motion to supplement the record. We deny this motion as moot.

so, the district court should consider: (1) whether his mental health claim solely relates to incident report number 2060836, or whether it also relates to incident report numbers 2033414 and 1918202; (2) whether Petitioner exhausted his administrative remedies in relation to his mental health claim; (3) whether exhaustion would have been futile, notably because Petitioner suggests that he would have been mentally ill or incompetent during the time period when he was obliged to administratively exhaust the claim; and (4) whether the Government's briefing before the district court in response to Petitioner's habeas petition effected a waiver of the affirmative defense of exhaustion. If the district court ultimately deems it appropriate to reach the merits of Petitioner's mental health claim, it should conduct further proceedings as appropriate to develop an adequate record to resolve the issue.

Additionally, because we deem it necessary for the district court to address the mental health claim with full briefing from both parties, we do not reach the merits of any of Petitioner's arguments before us regarding incident report numbers 1918202, 2033414, 2060836. We leave it to the district court to revisit the issues regarding these incident reports, if necessary, after addressing the mental health issue as set out above, in resolving the remainder of the issues presented in Petitioner's § 2241 petition.

Finally, consistent with our earlier order appointing Mr. Krumholz to represent Petitioner in this appeal, Mr. Krumholz is now discharged from his duties representing Petitioner, with the limited exception of the filing of a petition seeking

a writ of certiorari if, in counsel's judgment, he deems such a petition to be warranted.  We note that our consideration of the issues in this case has been greatly aided by appointed counsel.  Accordingly, we direct the district court to appoint new counsel to assist Petitioner in the proceedings before it.  <u>See</u> <u>Crawford v. Booker</u>, 156 F.3d 1243, 1998 WL 567963, at *2 (10th Cir. 1998) (unpublished).

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge