**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DION M. LEE-SPEIGHT,

Defendant-Appellant.

No. 11-3387
(D.C. Nos. 5:11-CV-04083-SAC and
5:10-CR-40035-SAC-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Dion Lee-Speight, a federal prisoner, appeals from the district court's order

dismissing his motion to vacate his original sentence under 28 U.S.C. § 2255.

Specifically, Mr. Lee-Speight challenges the denial of his request for an

evidentiary hearing relating to his § 2255 motion. We conclude that Mr. Lee-

Speight is entitled to further factual development on his claim of ineffective

---

[*]      After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

assistance of counsel. We reverse and remand with directions to the district court to vacate its original judgment and further develop the factual record as necessary to resolve in the first instance the merits of his § 2255 motion, consistent with the discussion herein.[1]

# I

We previously set out the facts and procedural history in our order granting Mr. Lee-Speight a Certificate of Appealability ("COA") on the issue that is now before us on appeal. *See* Order Granting in Part & Den. in Part a COA, No. 11-3387, at *2–4 (10th Cir., filed Feb. 11, 2013) [hereinafter COA Order]. We include only a brief review of the relevant procedural history here.

Mr. Lee-Speight filed an untimely direct appeal, which we dismissed as such. He then filed a timely § 2255 motion challenging his conviction on three grounds. The district court denied Mr. Lee-Speight's claims on the merits and denied him a COA. Mr. Lee-Speight then sought a COA from our court on all three grounds raised before the district court. We granted Mr. Lee-Speight's request for a COA on one claim and denied his request as to the other two claims. Specifically, we granted Mr. Lee-Speight a COA regarding his first claim, which

---

[1]     Because Mr. Lee-Speight is a federal prisoner and thus our review is under § 2255, factual development in the federal district court on habeas review is not inconsistent with the Supreme Court's somewhat recent decision in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), where the Court held that "review under *§ 2254(d)(1)* is limited to the record that was before the *state court* that adjudicated the claim on the merits." 131 S. Ct. at 1398 (emphases added).

-2-

alleged ineffective assistance of counsel in failing to file a notice of appeal. This is the sole claim before us on appeal.

## II

Mr. Lee-Speight alleges that his counsel failed to file a direct appeal, and he seeks a remand so that his claim can be further developed in the district court. The government responds that Mr. Lee-Speight's "bare assertion" that he requested that his counsel notice an appeal is not enough. Specifically, it contends that because Mr. Lee-Speight did not allege that his request was timely, he did not meet his burden of alleging facts which if proved would entitle him to relief.

"In considering the denial of a § 2255 motion for post-conviction relief, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011); *see United States v. Garrett*, 402 F.3d 1262, 1264 (10th Cir. 2005). "[A]n ineffective assistance of counsel claim presents a mixed question of law and fact ultimately reviewable de novo." *Rushin*, 642 F.3d at 1302; *see United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

When pursuing an ineffective-assistance-of-counsel claim under § 2255, a defendant's burden is two-fold: he must establish that "(1) defense counsel's performance was deficient, *i.e.*, counsel's 'representation fell below an objective standard of reasonableness' as measured by 'prevailing professional norms,'" and

-3-

that "(2) defendant was prejudiced thereby, *i.e.*, 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rushin*, 642 F.3d at 1302 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

It has long been recognized that "an appeal from a District Court's judgment of conviction in a criminal case . . . [is] a matter of right." *Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969) (quoting *Coppedge v. United States*, 369 U.S. 438, 441 (1962)) (internal quotation marks omitted); *see Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Peguero v. United States*, 526 U.S. 23, 28 (1999). Thus when "a lawyer . . . disregards specific instructions to perfect a criminal appeal [he] acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003); *see Flores-Ortega*, 528 U.S. at 477. In such a case, the defendant "is entitled to . . . an appeal without showing that his appeal would likely have had merit." *Peguero*, 526 U.S. at 28; *see United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007).

In short, should Mr. Lee-Speight demonstrate that he actually requested (in a timely fashion) that his attorney file an appeal, this alone satisfies his burden under *Strickland* because no appeal was filed. *See* COA Order, at *7; *see also Snitz*, 342 F.3d at 1155–56. A chance to show as much is all Mr. Lee-Speight seeks in this appeal. And as discussed below, he is entitled to such a chance.

-4-

Section 2255(b) provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  The district court found that Mr. Lee-Speight's "bare allegation that he requested his counsel to file an appeal" was "vague, conclusory and palpably incredible."  R. at 152 (Mem. & Order, filed Nov. 1, 2011).  But given Mr. Lee-Speight's sworn statement that his sentencing counsel "failed to file a notice of appeal . . . as requested by petitioner to do so," *id.* at 26 (Mot. Under 28 U.S.C. § 2255, filed July 28, 2011),[2] and given that this is the *only* evidence regarding his request to counsel—*viz.*, there is no evidence showing that Mr. Lee-Speight *did not* make such a request—the district court was incorrect in finding that this statement was but a "bare allegation" and, further, that it was "vague, conclusory and palpably incredible."[3]  *Cf. United States v.*

_____

[2]    As we explained in our COA Order, "[s]uch sworn statements generally constitute competent evidence in a § 2255 action."  COA Order, at *7; *see Ryan v. United States*, 657 F.3d 604, 605–06 (7th Cir. 2011); *United States v. Harger*, 354 F. App'x 151, 152 (5th Cir. 2009) (per curiam).

[3]    The government makes much of the district court's inference that Mr. Lee-Speight's allegation in his motion was "incredible" in light of the appellate waiver in his plea agreement.  However, given that Mr. Lee-Speight's waiver "was not fully exhaustive," COA Order, at *5 n.2, and the importance of the right to appeal generally, *see, e.g.*, *Rodriguez*, 395 U.S. at 329–30 ("[A]n appeal from a District Court's judgment of conviction in a criminal case . . . [is] a matter of right." (quoting *Coppedge*, 369 U.S. at 441) (internal quotation marks omitted)); *Snitz*, 342 F.3d at 1157 (explaining the "basic principle" that "every direct criminal appeal must be briefed on the merits by counsel and decided accordingly

(continued...)

-5-

*Harrison*, 375 F. App'x 830, 833–34 (10th Cir. 2010) (concluding that the petitioner was not entitled to a COA on his claim that his counsel had failed to file an appeal as petitioner had requested where petitioner "had not provided any credible testimony that he requested and his counsel ignored his request for an appeal" (citation omitted) (internal quotation marks omitted)).

We are not persuaded otherwise by the government's arguments on appeal that because Mr. Lee-Speight failed to plead that he made his request in a *timely* manner, he has failed to allege facts which would entitle him to relief. We are to construe Mr. Lee-Speight's pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] . . . unfamiliarity with pleading requirements." (citations omitted)). And, while he did fail to allege the date of his request, other evidence—such as his quick response when he realized an appeal had not been docketed, *see, e.g.*, COA Order, at *9 (explaining that "[t]he record demonstrates

---

³(...continued)
by the court unless, after thorough review of all pertinent proceedings, the appeal is determined initially by counsel and then independently by the court to be wholly frivolous"), we conclude that it was incorrect to find that this *partial* waiver alone made Mr. Lee-Speight's sworn and unchallenged statement—the averment that he asked his counsel to docket an appeal—incredible.

that he attempted to file a pro se appeal roughly one month after judgment was entered in his criminal case"); *see also id.* at *9 n.4 ("While it appears that Mr. Lee-Speight discovered his attorney's alleged missteps a few weeks too late to file a timely notice of appeal, we note that, because of the varying conditions of incarceration, 'a reasonable prisoner may take . . . [a few] months . . . to suspect that counsel has dropped the ball.'" (alteration in original) (quoting *Ryan*, 657 F.3d at 607))—supports an inference that his request was timely.[4]  Moreover, just as it is not possible to tell from his sworn statement that the request *was* timely, it is not possible to tell that his request *was not* timely.  Reading Mr. Lee-Speight's pro se claims liberally, "the motion and the files and records of the case [do not] *conclusively show* that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b) (emphasis added).

### III

In short, Mr. Lee-Speight has set forth evidence to show that he may be entitled to habeas relief and there is nothing before us that shows conclusively that he is not entitled to such relief.  He has "articulated [a] fact[] which, if proven, would entitle him to relief."  *United States v. Weeks*, 653 F.3d 1188, 1200 (10th Cir. 2011).  We therefore **reverse** and **remand** with directions for the

---

[4]     Indeed, as appointed counsel for Mr. Lee-Speight argues in the reply brief, Mr. Lee-Speight not only filed a notice of appeal, he did so only sixteen days after he thought judgment had been entered.

district court to vacate its denial of Mr. Lee-Speight's habeas motion and further develop the factual record as necessary to resolve in the first instance the merits of his § 2255 motion, pursuant to § 2255(b).[5]  Further, as our consideration of this matter has been greatly aided by appointed counsel,[6] we direct the district court to appoint new counsel to assist Mr. Lee-Speight in the proceedings before it.  *See Pinson v. Berkebile*, --- F. App'x ----, 2013 WL 3115736, at *6 (10th Cir. 2013);

---

[5]      We pause to note here, as we did in our COA Order, that the "district court retains flexibility to utilize alternative methods to expand the record without conducting an extensive hearing."  COA Order, at *11 n.5; *see, e.g.*, *Machibroda v. United States*, 368 U.S. 487, 495 (1962) ("What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be.  The language of the statute does not strip the district courts of all discretion to exercise their common sense.  Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner."); *Ryan*, 657 F.3d at 608 ("[W]e recognize that further factual development need not involve the full panoply of discovery techniques or even a hearing."); *see also* Rule 7(a) of the Rules Governing Section 2255 Proceedings for U.S. Dist. Cts. ("If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion.  The judge may require that these materials be authenticated.").

[6]      Consistent with our earlier order appointing counsel to represent Mr. Lee-Speight in this appeal, Ms. Cohen and The Federal Public Defender's office are now discharged from the duties of representing Mr. Lee-Speight in this matter.

*Crawford v. Booker*, 156 F.3d 1243, 1998 WL 567963, at \*2 (10th Cir. 1998).


Entered for the Court


JEROME A. HOLMES
Circuit Judge