**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDGARDO JASSO CHAVERO,
previously named as Edgardo Chavero-
Jasso,

    Defendant - Appellant.

No. 15-5028
(D.C. Nos. 4:13-CV-00791-CVE-TLW and
4:12-CR-00101-CVE-6)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Edgardo Jasso-Chavero, a federal prisoner proceeding pro se, appeals from a

district court order dismissing his 28 U.S.C. § 2255 habeas motion and denying an

evidentiary hearing. We conclude that further factual development of Jasso-

Chavero's ineffective assistance of counsel claim is necessary. Accordingly, we

reverse and remand for further proceedings consistent with this order and judgment.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

We outlined the facts of this case in our prior order granting in part and denying in part Jasso-Chavero's application for a certificate of appealability ("COA"). See Order Granting in Part & Den. in Part a COA, No. 15-5028 (10th Cir., filed Aug. 11, 2015). Accordingly, we provide only a brief summary of the facts relevant to the single issue upon which we granted a COA.

In his § 2255 motion, Jasso-Chavero claimed that he was denied effective assistance of counsel because his attorney failed to file a notice of appeal despite a timely request to do so. He attached an affidavit, signed under penalty of perjury, stating that he "asked counsel to file an appeal" but "counsel failed to file a notice of appeal despite defendant's timely request."

In response, the government submitted an affidavit from defense counsel, who stated that he met with Jasso-Chavero in jail after sentencing to discuss a potential appeal. According to counsel, he provided Jasso-Chavero a form titled "Acknowledgment of Right to Appeal from Conviction and/or Sentence," which was translated by an interpreter. After first refusing to sign the form, Jasso-Chavero told his counsel at the end of the meeting that he did not want to file a direct appeal and signed the portion of the form stating so. The form is attached to counsel's affidavit. Counsel states that he advised Jassso-Chavero to contact him if he changed his mind within the fourteen-day deadline to appeal, but Jasso-Chavero did not do so.

In his reply, Jasso-Chavero acknowledged that he signed the form. However, he claims that he only signed because counsel stated "that it was not convenient at taht [sic]

time, but that he would appeal after he [sic] got to prison and that he himself would assist." Jasso-Chavero states that he was "induced to sign" the form only because of counsel's false promise. He requested an evidentiary hearing.

The district court denied relief and declined to order an evidentiary hearing. It noted that, as a general matter, it "would be required to hold an evidentiary hearing to resolve factual disputes as to defendant's claim that he directed his attorney to file a notice of appeal." But the court concluded that "[t]here is undisputed evidence in the record that defendant did not direct [counsel] to file a notice of appeal," citing counsel's affidavit. In discussing this issue, the court did not refer to the allegations contained in Jasso-Chavero's reply.

Jasso-Chavero filed a timely notice of appeal. We granted a COA on the issue of whether the district court abused its discretion in denying an evidentiary hearing as to Jasso-Chavero's claim that counsel failed to file a notice of appeal despite his timely request.

## II

We review the denial of an evidentiary hearing for abuse of discretion. United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ." § 2255(b). When a movant's allegations—if accepted as true—would entitle him to relief, a district court generally may not make "findings on controverted issues of fact . . . without a hearing." Machibroda v. United States, 368 U.S. 487, 493-94 (1962). However, "[c]onclusory

-3-

allegations unsupported by specifics are insufficient to require a court to grant an evidentiary hearing, as are contentions that in the face of the record are wholly incredible." Hopkinson v. Shillinger, 866 F.2d 1185, 1211 (10th Cir. 1989) (quotation and ellipses omitted), overruled on other grounds as stated in Phillips v. Ferguson, 182 F.3d 769, 772-73 (10th Cir. 1999).

Jasso-Chavero alleged in his § 2255 motion that he timely requested that counsel file an appeal, and that counsel failed to do so. He attached an affidavit to the same effect. A particularized claim that counsel failed to file a notice of appeal despite a timely request is generally sufficient to warrant relief. See United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003) ("[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."); see also United States v. Garrett, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (evidentiary hearing required when habeas movant claims he requested an appeal but attorney denies claim).

The district court relied on the waiver form submitted by counsel to hold that the record conclusively established that Jasso-Chavero was not entitled to relief. But it appears that the district court did not consider Jasso-Chavero's allegation that counsel induced him to sign the form by falsely promising to assist with an appeal at a later date. If accepted as true, these allegations indicate that Jasso-Chavero did not knowingly and voluntarily withdraw his alleged request that an appeal be filed. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (valid waiver of appellate rights must be done "knowingly and voluntarily").

-4-

In its filings with this court, the government suggests that Jasso-Chavero's allegations are conclusory and palpably incredible. It argues that the claims Jasso-Chavero asserts in his reply were similar to those in United States v. Harrison, 375 F. App'x 830 (10th Cir. 2010) (unpublished). In that case, we held that an evidentiary hearing was not required based on an allegation that "[c]ounsel told Appellant that he need not worry, as it would all get corrected on Direct Appeal." Id. at 833. But the government's argument ignores Jasso-Chavero's affidavit, in which he affirmatively states that he asked counsel to file an appeal. See United States v. Lee-Speight, 529 F. App'x 903, 905 (10th Cir 2013) (unpublished) (statement that counsel "failed to file a notice of appeal . . . as requested by petitioner to do so" sufficient). Taken together, Jasso-Chavero's allegations would entitle him to relief if proven to be true, particularly when afforded a liberal construction due to his pro se status. See Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999).

The government also argues that Jasso-Chavero's credibility is suspect for a number of reasons. There is little doubt that Jasso-Chavero undermined his credibility during district court proceedings. Had the district court expressly rejected Jasso-Chavero's statements as unworthy of credence, taking into account his reply brief, this appeal would stand in a different posture. But the district court did not make a credibility determination, nor did it grapple with the allegations contained in Jasso-Chavero's reply. Under these circumstances, we are ill-equipped to review a hypothetical credibility ruling. See Clayton v. Jones, 700 F.3d 435, 444 (10th Cir. 2012) ("[W]ithout an

explanation of why it exercised its discretion in the manner it did, we are unable to review the district court's decision.").[1]

Although we conclude that this case requires further development, we do not hold that the district court must conduct an evidentiary hearing. "[T]here are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." Machibroda, 368 U.S. at 495; see also Lee-Speight, 529 F. App'x at 907 n.5 ("[T]he district court retains flexibility to utilize alternative methods to expand the record without conducting an extensive hearing." (quotation omitted)).  Both parties have noted that an affidavit from the interpreter who witnessed Jasso-Chavero's meeting with counsel may be useful.  And in rare circumstances, a district court may make a credibility finding solely on the basis of affidavits.  See Tanberg v. Sholtis, 401 F.3d 1151, 1161 (10th Cir. 2005) (noting that trial courts are entitled to deference as to findings regarding the credibility of affidavits).  On the record before us, however, we are compelled to remand for further development.

## III

We **REVERSE** and **REMAND** with directions for the district court to vacate its dismissal of Jasso-Chavero's habeas motion and further develop the factual record

---

[1] The government also notes that Jasso-Chavero's reply was not signed under penalty of perjury.  Under Rule 2(b)(5) of the Rules Governing § 2255 Proceedings, a § 2255 motion must be signed under penalty of perjury.  Even assuming this rule governs replies, however, movants should generally be provided an opportunity to correct such a defect.  See United States v. Guerrero, 488 F.3d 1313, 1316 (10th Cir. 2007) (citing § 2255 Rules, Advisory Committee Notes, 2004 amendments).

as necessary to resolve in the first instance the merits of his ineffective assistance claim.  We **GRANT** the government's motion to supplement the record on appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge